UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-Civ-Ryskamp/Vitunac

WEST COAST LIFE INSURANCE
COMPANY,

       Plaintiff,

v.

LIFE BROKERAGE PARTNERS LLC, *et al.*,

       Defendants.

_____/



FILED by _____ D.C.

JUL 1 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 287), dated July 9, 2009, from

U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper

action as required by law, and to submit a Report and Recommendation." Pending before the Court

is Defendants'[1] Emergency Motion to Compel Depositions of Shala Smith, Michelle Oliver, and

Alicia Parish (DE 282), filed July 7, 2009.  Plaintiff filed a Response (DE 289) on July 10, 2009.

Defendants filed a Reply (DE 290) on June 10, 2009.  The matter is ripe for review.

## BACKGROUND

This is a civil action brought by Plaintiff, a life insurance company, against numerous

Defendants for declaratory relief, damages, and the rescission of nine life insurance policies that

Plaintiff claims were procured under fraudulent means.  Plaintiff alleges that it issued life

---

[1] The Defendants filing the Motion are Ilene Halpern (individually), the Ilene Halpern 2007-1 Insurance Trust, the Norman Grossman 2007-1 Insurance Trust, the Robert Horowitz 2007-1 Insurance Trust, the Rosalie Chilow 2007-1 Insurance Trust, the Barbara Hass 2007-1 Insurance Trust, the Helen Hirschman 2007-1 Insurance Trust, the Irving Levine 2007-1 Insurance Trust, the Eileen Toorock 2007-1 Insurance Trust (the "Texas Trusts"), and Wells Fargo Bank, N.A., as the respective trustee of the Texas Trusts (collectively "Defendants").

1

insurance policies insuring the lives of individual defendants to trusts established in those individuals' names, not knowing the life insurance policies were part of a stranger-originated life insurance ("SOLI") scheme. Plaintiff alleges that under the scheme, the individual insured defendants were paid for consenting to life insurance being taken out on their lives by other defendants, who then established trusts to act as owners and beneficiaries of the policies so that entities with no relationship to the individual insured defendants could obtain rights and interests in the death benefits of the policies.

Plaintiff initially filed the Complaint (DE 1) on August 13, 2008. Plaintiff later filed an Amended Complaint (DE 140) on March 12, 2009, that added more counts. Pursuant to the Court's Scheduling Order (DE 92), discovery in this case closes August 3, 2009, and all pretrial motions and memoranda of law must be filed by September 1, 2009. Trial is presently scheduled for January 11, 2010 (DE 93).

## PARTIES' CONTENTIONS

### Defendants' Emergency Motion to Compel Depositions

Defendants' motion seeks an order compelling the Plaintiff to produce three employees - Shala Smith, Michelle Oliver, and Alicia Parish - for deposition. Defendants state that the employees it seeks to depose are case managers for Plaintiff who participated in processing one or more of the life insurance policies at issue in this case. On June 29, 2009, Defendants filed notices of the taking of the depositions of these three employees for July 27 and 28, 2009, at the offices of Defendants' counsel, Proskauer Rose LLP, in Boca Raton, Florida.

Defendants' counsel sent Plaintiff's counsel an email asking if the noticed dates and locations were acceptable. Plaintiff's counsel responded by email that Plaintiff's counsel could

not make the employees available prior to the discovery deadline, if at all.  Plaintiff's counsel cited the clerical nature of the employees' work, their various geographical locations throughout the country, the "herculean effort" Plaintiff's counsel is making regarding other scheduled depositions, and the late timing of the request for these depositions.  Defendants also assert that Plaintiff's counsel confirmed later in the day in a phone call that Plaintiff's counsel did not intend to produce the witnesses prior to the close of discovery.  Defendants acknowledge that a large amount of depositions are scheduled for the remainder of the discovery period, but claim Plaintiff's noticed depositions, rather than Defendants', are burdening the schedule.  Defendants contend there is room in the schedule for the depositions it seeks to compel.

Plaintiff's Response

In Response, Plaintiff argues Defendants served their deposition notices as to these three witnesses too late in the discovery period for Plaintiff to accommodate the requested depositions. Plaintiff argues that although the parties conducted numerous scheduling conferences to confirm deposition schedules, "the Trust Defendants never disclosed that they would seek depositions of Smith, Oliver, and Parish and never asked for dates on which to take these depositions." Plaintiff claims that granting Defendants' motion would prejudice Plaintiff and make the parties unable to take the depositions before the discovery deadline.  Plaintiff also argues that Defendants' discovery conduct up to this point, including waiting until late in discovery to notice fact witnesses, evidences a pattern of bullying and is intended to harass Plaintiff's counsel, who does not have the manpower to staff the depositions on the noticed dates. Plaintiff argues Defendants have no excuse for waiting until near the close of discovery to serve the deposition notices.  As an example of the difficulties in scheduling depositions, Plaintiff states that the hearing this Court

3

scheduled for July 21, 2009 on the motions to dismiss will necessitate postponement of some or all of three depositions currently scheduled for that date in Atlanta, Georgia and Fort Worth, Texas.

Plaintiff also responds that Michelle Oliver was a temporary employee who last worked in Plaintiff's Atlanta office in July of 2007. Plaintiff states that because Ms. Oliver was a temporary employee, Plaintiff has no contact information for her. Additionally, Plaintiff claims the three employees at issue are not representatives of West Coast for deposition purposes and therefore are not subject to deposition by notice, and must be served with a valid subpoena. Plaintiff also claims Defendants failed to confer to attempt to resolve the issue, pursuant to Local Rule 7.1, prior to filing this motion.

As an alternative to denial of Defendants' motion, Plaintiff requests an extension of the discovery deadline for depositions already noticed, and a corresponding extension of the September 1, 2009 deadline for filing pretrial motions. Plaintiff also requests the Court stay discovery until after the June 21, 2009 hearing on Defendants' motions to dismiss.

Defendant's Reply

In Reply, Defendants argue there is no need to alter the discovery deadline set by the Court to complete the two depositions, which are only expected to take one-half day each. In light of Plaintiff's representations regarding Michelle Oliver, Defendants withdraw their motion to compel as to Ms. Oliver, and now only seek to compel the depositions of Smith and Parish. As to the issue of subpoenas, Defendants argue Plaintiff should be estopped from arguing subpoenas are required, since Plaintiff did not raise this issue previously, and the delay has prevented Defendants from serving a subpoena within the discovery period. Defendants also

4

reply that the scheduled July 21, 2009 hearing on the motions to dismiss should not prevent depositions from being taken on that day, given the number of attorneys Plaintiff has working on the case. Defendants also stated they complied with Local Rule 7.1 during a July 6, 2009 teleconference among all counsel, in which Plaintiff's counsel confirmed the position taken in his email that he would not produce the three employees at issue prior to the close of discovery.

DISCUSSION

The issue before the Court is whether to grant Defendants' motion to compel the depositions of Shala Smith and Alicia Parish.

According to Federal Rule of Civil Procedure 37, "A party may, on notice to other parties and all affected persons, . . . move for an order compelling disclosure or discovery." This Court notes that district courts are entitled to broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a reasonably timely and orderly conclusion. Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993).

Plaintiff claims that the two would-be deponents at issue are not officers, directors, or managing agents of Plaintiff.

> A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45.

Karakis v. Foreva Jens, Inc., 2009 WL 113456 (S.D. Fla. 2009). It is the burden of the party seeking discovery to establish the status of the witness as officer, director, or managing agent. See Faro Technologies v. Romer, Inc., 2007 WL 496615 (M.D. Fla. 2007).

5

Shala Smith and Alicia Parish are not parties. According to Plaintiff, Smith and Parish are clerical employees who do not qualify as officers, directors, or managing agents of Plaintiff. The Trust Defendants have not alleged that Smith and Parish are officers, directors, or managing agents. The Trust Defendants have not refuted Plaintiff's statement regarding the status of Smith and Parish. The Trust Defendants were required to serve subpoenas on Smith and Parish in order to take their depositions. The depositions Defendants seek cannot be compelled without a subpoena.

In response to Plaintiff's argument that Smith and Parish must be served subpoenas, the Trust Defendants argue only that Plaintiff should be estopped from arguing that Smith and Parish must be served subpoenas because Plaintiff did not raise the objection prior to Plaintiff's Response to the Motion to Compel. The Court is unpersuaded by this argument. The Trust Defendants claim there is not enough time to serve a subpoena on Smith and Parish. However, according to Plaintiff, Defendants knew as early as May 14, 2009 from documents provided to them, that Smith, Oliver, and Parish were the case workers on the life insurance policies at issue. Defendants certainly knew they intended to depose Smith, Oliver, and Parish at the time they filed their notices on June 29, 2009. Yet, Defendants still failed to serve the subpoenas.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that

(1) Defendants' Emergency Motion to Compel Depositions (DE 282) is DENIED;

(2) Plaintiff's alternative requests to extend the discovery deadline or stay discovery until after the July 21, 2009 hearing are DENIED;

(3) the parties shall continue to work together to complete discovery within the August

6

3, 2009 deadline.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this ___ day of July, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel and parties of record

7