UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-Civ-Ryskamp/Vitunac

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

LIFE BROKERAGE PARTNERS LLC, et al.,

    Defendants.
_____/



FILED by _____ D.C.

JUL 27 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 287), dated July 9, 2009, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper action as required by law, and to submit a Report and Recommendation." Pending before the Court is the Trust Defendants'[1] Motion to Strike Depositions Taken in Violation of Local Rule 26.1(J) (DE 248), filed May 15, 2009. Certain Individual Defendants[2] filed a Response (DE 254) on June 3, 2009. Plaintiff filed a Response (DE 257) on June 4, 2009. The Trust Defendants filed a Reply (DE 268) to Plaintiff's Response on June 15, 2009. The Trust Defendants also filed a Reply (DE 269) to the Individual Defendants' Response on June 15, 2009. The matter is ripe for review.

---

[1] The "Trust Defendants" filing the Motion are Ilene Halpern (individually), the Ilene Halpern 2007-1 Insurance Trust, the Norman Grossman 2007-1 Insurance Trust, the Robert Horowitz 2007-1 Insurance Trust, the Rosalie Chilow 2007-1 Insurance Trust, the Barbara Hass 2007-1 Insurance Trust, the Helen Hirschman 2007-1 Insurance Trust, the Irving Levine 2007-1 Insurance Trust, the Eileen Toorock 2007-1 Insurance Trust (the "Texas Trusts"), and Wells Fargo Bank, N.A., as the respective trustee of the Texas Trusts (collectively "Defendants").

[2] The "Individual Defendants" who responded are Eileen Toorock, Rosalie Chilow, and Irving Levine.

1

## BACKGROUND

This is a civil action brought by Plaintiff, a life insurance company, against numerous defendants for damages, declaratory relief, and the rescission of nine life insurance policies that Plaintiff claims were procured under fraudulent means. Plaintiff initially filed its Complaint (DE 1) on August 13, 2008. Plaintiff later filed an Amended Complaint (DE 140) on March 12, 2009, that added counts. Pursuant to the Court's Scheduling Order (DE 92), discovery in this case closes August 3, 2009, and all pretrial motions and memoranda of law must be filed by September 1, 2009. Trial is presently scheduled for January 11, 2010 (DE 93).

## PARTIES' CONTENTIONS

### Trust Defendants' Motion to Strike Depositions

On March 31, 2009, the Trust Defendants filed a motion to dismiss (DE 183) and a motion to change venue (DE 185). Plaintiff filed responses (DE 219, 222) to both of these motions. The motions are currently pending. In Plaintiff's responses, Plaintiff relies on testimony in "sworn statements" from individual defendants Hass, Toorock, Levine, and Chilow, in which those individual defendants generally deny knowledge of the trusts established in their names to hold the life insurance policies.

The Trust Defendants' instant motion seeks an order striking, in its entirety, the improper depositions of individual defendants Barbara Hass, Rosalie Chilow, Irving Levine, and Eileen Toorock. The Trust Defendants argue that the depositions should be stricken (1) as taken in violation of Local Rule 26.1(J) because counsel for the Trust Defendants was not provided notice of the depositions, and (2) because counsel elicited false testimony in the depositions regarding the individual insureds' knowledge of the Texas trusts in their names and the purported transfer of the

life insurance policies.

According to the Trust Defendants, only counsel for the individual insureds being deposed and counsel for Plaintiff were present at the improper depositions. The Trust Defendants claim that the substance of the statements at issue shows that the sworn statements are depositions. According to the Trust Defendants, in each "deposition", the deponent claims never to have heard of the Texas trust that was established in his or her name. The Trust Defendants argue that documentary evidence that was not shown to the individual deponents clearly contradicts the testimony of the deponent that he or she had no knowledge of the Texas trusts.[3] The Trust Defendants argue that testimony elicited from the individuals indicating that the individuals intended to transfer the insurance policies was misleading because the trusts, rather than the individuals, owned the policies, so the policies could not be transferred by the individuals.

## Response of Toorock, Chilow, and Levine

In Response, Individual Defendants Toorock, Chilow, and Levine make clear that while they take no position on the Trust Defendants' motions to dismiss or change venue, they oppose any suggestion by the Trust Defendants that counsel elicited their false testimony. The Individual Defendants characterize the testimony at issue as sworn statements, rather than depositions. The Individual Defendants claim that the Trust Defendants' only support for the assertion the Individual Defendants gave false testimony is the existence of inconsistencies between the trust documents and the Individual Defendants' testimony.

---

[3] Specifically, the documentary evidence includes: agreements signed by the individual insureds to establish the Texas trusts; Insured Consent forms signed by each individual insured to provide consent for the Trust to apply for and purchase life insurance on his or her life under the Texas Insurance Code; checks written out by hand by the individual insureds to the trust established in that individual insured's name; and a check to each insured from the Trust that identifies the Trust as the account providing payment.

The Individual Defendants point out, however, that their testimony in the sworn statements was essentially to disavow the very documents the Trust Defendants claim proves their sworn statements false. In the sworn statements, the Individual Defendants state their signatures appear on documents they did not read, which were not explained to them, which were blank when signed and then completed later by somebody else, which contain information they did not provide or agree to, or which contain information that was falsely added after they signed. The Individual Defendants add that a week before their Response to the instant motion was filed, three of the four Individual Defendants who previously gave sworn statements gave depositions. The Individual Defendants state the three Individual Defendants who were deposed affirmed the truth of the prior testimony contained in the sworn statements. The Individual Defendants claim there is nothing procedurally improper about them voluntarily agreeing to provide sworn statements, and that such statements are not subject to the notice requirements of depositions.

## Response of Plaintiff

Plaintiff responds that the Trust Defendants' motion should be denied because sworn statements are entirely proper, and because the three Individual Defendants who were deposed after the sworn statements, with counsel for the Trust Defendants present, testified consistently with their sworn statements. Plaintiff argues the statements qualify as sworn statements because they were taken under oath in the presence of a court reporter who certified each individual was sworn prior to testifying. Plaintiff argues the Trust Defendants seek to strike the sworn statements only because the Trust Defendants dispute the factual statements the individual insureds make therein. Similarly to the Individual Defendants, Plaintiff relies on the consistency between the sworn statements and the later depositions to rebut the Trust Defendants' assertion that the testimony in the sworn

statements is false. Plaintiff also argues that the Trust Defendants have raised a factual dispute that is improper for resolution by way of a motion to strike.

## The Trust Defendants' Replies

In their Replies to the Responses, the Trust Defendants argue that labeling the testimony a sworn statement instead of a deposition is insufficient to avoid the notice requirements of Local Rule 26.1(J). The Trust Defendants also contend that the testimony at the later properly-noticed depositions differed significantly from the testimony in the improperly noticed depositions. The Trust Defendants contend the questions asked at the alleged improper depositions were misleading.

## DISCUSSION

The issue before the Court is whether the testimony labeled as "improperly noticed depositions" by the Trust Defendants, and labeled "sworn statements" by Plaintiff is testimony taken in violation of Local Rule 26.1(J).

Local Rule 26.1(J) states:

> Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29 . . . a party desiring to take the deposition within this State of any person upon oral examination shall give at least five working days' notice in writing to every other party in the action. . . . Failure by the party taking the oral deposition to comply with this rule obviates the need for protective order.

S.D. Fla. L.R. 26.1(J). Local Rule 26.1(J) further provides that "no deposition shall be used against a party" who has not received proper notice under the rule. Id.

The Trust Defendants allege Plaintiff is attempting to use these improperly noticed depositions to support Plaintiff's Response to the motion to dismiss the complaint and in support of Plaintiff's Response in opposition to the Trust Defendants' motion to transfer the case to Texas. The Court rejects the Trust Defendants' contention that the testimony at issue constituted depositions to

which the notice requirements of Local Rule 26.1(J) apply. The Trust Defendants' argument is that notice to them was required to allow them to attend and cross-examine the individuals making the statements. The statements were given voluntarily by witnesses represented by counsel. Opposing counsel cannot dictate the circumstances of voluntary contact between witnesses and counsel. As to the argument of reliability, the Eleventh Circuit has previously rejected, albeit in the summary judgment context, the argument that a sworn statement given in question-and-answer format without the presence of opposing counsel to cross-examine the person making the statement is inadmissible. Bozeman v. Orum, 422 F.3d 1265, 1267 n.1 (11th Cir. 2005). The fact that Bozeman involved a sworn statement taken prior to litigation does not change this Court's analysis, because the argument in that case that the absence of any cross-examination rendered the statement inadmissible is sufficiently similar to the argument made by the Trust Defendants here.

The Trust Defendants fail to offer authority, and the Court is unaware of any, supporting the contention that there was anything improper in Plaintiff taking the sworn statements of the Individual Defendants in this case. The Individual Defendants were not compelled in any way to give the sworn statements, but gave the statements voluntarily with their counsel present. A party who is also a witness may give a sworn statement if he or she chooses to do so. Under these circumstances, the sworn statements were not depositions subject to the notice requirements of Local Rule 26.1(J).

The Court also rejects the Trust Defendants' contentions that the sworn statements should be stricken because they contain "demonstrably false testimony." The Trust Defendants' argument in support of this assertion rests on the existence of documentary evidence tending to contradict the Individual Defendants' statements that they were unaware trusts would be established. The Trust Defendants' objection to the sworn statements presents a factual issue that is not appropriate for

resolution on a motion to strike. See McNair v. Monsanto Co., 279 F. Supp.2d 1290, 1298 (M.D. Ga. 2003) (finding exhibits and affidavits filed in support of motion to transfer were improper subject of motion to strike and stating that "[a] motion to strike is only appropriately addressed toward matters contained in the pleadings" pursuant to Federal Rule of Civil Procedure 12(f)). Whether or not the complained-of statements are relevant to the issues in the motion to dismiss and motion to transfer is an issue for another day.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that

The Trust Defendants' Motion to Strike Depositions Taken in Violation of Local Rule 26.1(J) (DE 248) is DENIED.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 27 day of July, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel and parties of record