UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-Civ-Ryskamp/Vitunac

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

LIFE BROKERAGE PARTNERS LLC, *et al.*,

    Defendants.

_____/

FILED by ___ D.C.
JUL 27 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 287), dated July 9, 2009, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper action as required by law, and to submit a Report and Recommendation." Pending before the Court is the Trust Defendants'[1] Motion to Compel the Production of Documents (DE 279), filed July 2, 2009. On July 15, 2009, Plaintiff filed a Notice (DE 296) stating that the parties had resolved one of the two issues raised in the Motion to Compel. The parties failed to resolve the second issue, and Plaintiff filed a Response (DE 304) on July 22, 2009, to address only the remaining unresolved issue. The matter is ripe for review.

---

[1] The "Trust Defendants" filing the Motion are Ilene Halpern (individually), the Ilene Halpern 2007-1 Insurance Trust, the Norman Grossman 2007-1 Insurance Trust, the Robert Horowitz 2007-1 Insurance Trust, the Rosalie Chilow 2007-1 Insurance Trust, the Barbara Hass 2007-1 Insurance Trust, the Helen Hirschman 2007-1 Insurance Trust, the Irving Levine 2007-1 Insurance Trust, the Eileen Toorock 2007-1 Insurance Trust (the "Texas Trusts"), and Wells Fargo Bank, N.A., as the respective trustee of the Texas Trusts (collectively "Defendants").

1

## BACKGROUND

This is a civil action brought by Plaintiff, a life insurance company, against numerous defendants for damages, declaratory relief, and the rescission of life insurance policies that Plaintiff claims were procured under fraudulent means. Plaintiff initially filed its Complaint (DE 1) on August 13, 2008. Plaintiff later filed an Amended Complaint (DE 140) on March 12, 2009, that added counts. Pursuant to the Court's Scheduling Order (DE 92), discovery in this case closes August 3, 2009, and all pretrial motions and memoranda of law must be filed by September 1, 2009. Trial is presently scheduled for January 11, 2010 (DE 93).

## PARTIES' CONTENTIONS

### Trust Defendants' Motion to Compel Production of Documents

The Trust Defendants' Motion seeks an order compelling Plaintiff to produce the entire Swiss Re Life Guide ("Guide"), an underwriting manual the Trust Defendants maintain Plaintiff used in underwriting the life insurance policies at issue. The Trust Defendants contend that the entire copy of the Guide is responsive to certain document requests propounded on Plaintiff. The pertinent document requests and Plaintiff's responses are as follows:

> Document Request No. 2: "All underwriting guidelines, memos, procedures, criteria, or standards in existence at the times of the Applications and the issuance of the Policies at Issue related to the underwriting, premium calculation, and issuance of life insurance coverage."
>
> Plaintiff's Response to Document Request No. 2: "West Coast objects to this Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not likely to lead to the discovery of admissible evidence. West Coast further objects to this Request to the extent that it is not reasonably limited in time or scope. Subject to and notwithstanding these objections, West Coast will produce any non-privileged documents in its possession that are responsive to this Request."
>
> Document Request No. 3: "All documents, including but not limited to underwriting

guidelines, guidances, procedures, criteria, or standards, related to evaluating or considering the Applicants' responses to the questions on the Applications or the responses in the Agent's Reports."

Plaintiff's Response to Document Request No. 3: "West Coast objects to this Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not likely to lead to the discovery of admissible evidence. West Coast further objects to this Request to the extent that it is not reasonably limited in time or scope. Subject to and notwithstanding these objections, West Coast will produce any non-privileged documents in its possession that are responsive to this Request."

Document Request No. 4: "All documents concerning your underwriting of the Policies at Issue, your review of the Applications, and your attempts to investigate or verify any statements or answers in the Applications or Agent's Reports."

Plaintiff's Response to Document Request No. 4: "Any and all non-privileged documents that are responsive to this Request and in West Coasts's possession have been, or will be, produced."

(DE 279-2:4-5). The Trust Defendants state that they became aware Plaintiff uses the Guide after receiving a 10-page excerpt from the Guide from Plaintiff on June 15, 2009, as part of Plaintiff's rolling document production. On June 18, 2009, counsel for the Trust Defendants sent Plaintiff's counsel an email requesting a copy of the entire Guide. On June 25, 2009, Plaintiff's counsel responded by acknowledging that it previously agreed to produce its underwriting guide, and stating that the underwriting guide had in fact been produced. (DE 279-4). Plaintiff's counsel stated that "[e]xcerpts from the Swiss Re manual were produced pursuant to Fed.R.Civ.P. 26(A), as they support West Coasts's claims in this action. Should you desire the full Swiss Re manual, please propound a formal discovery request to West Coast for us to consider."[2] (DE 279-4).

The Trust Defendants argue that Plaintiff's production of excerpts of the Guide indicates

---

[2] It appears Plaintiff's counsel was actually referring to Federal Rule of Civil Procedure 26(a)(1)(A), which requires a party to produce, among other materials, copies of documents in a party's possession that support its claims or defenses without awaiting a discovery request.

3

Plaintiff's intention to claim that its underwriters used the manual in underwriting the life insurance policies at issue in this case. The Trust Defendants argue that the Guide is responsive to their Requests because they requested the production of any underwriting manuals used by Plaintiff with respect to the policies at issue, Plaintiff agreed to produce such documents, and Plaintiff produced an excerpt from it, which indicates West Coast's underwriters utilized it. The Trust Defendants also argue that Plaintiff has put underwriting squarely at issue because Plaintiff asserts that misrepresentations in the life insurance applications and other documents were material to the risk and that it would not have issued the policies in the absence of the misrepresentations. The Trust Defendants argue that if any part of the document is responsive to the request, it must be produced in its entirety, and that they are "entitled to discovery as to West Coast's complete underwriting standards and practices to test West Coast's allegations, to prove that the applications were in compliance with West Coast's underwriting procedures, and that any discrepancies were not material."

### Plaintiff's Response

In its Response, Plaintiff argues Defendants' request for the entire Guide is beyond the scope of Rule 26. Plaintiff maintains that it produced the excerpt of the Guide as part of its initial disclosures pursuant to Rule 26(a)(1)(A)(ii) as a document in its possession that supports its claims, and not in response to the Trust Defendants' Document Requests 2, 3, or 4. Plaintiff argues that the Trust Defendants have filed a Motion to Dismiss the Amended Complaint but have not plead any claims or defenses against Plaintiff, so the remaining portions of the Guide are outside the scope of Rule 26. Plaintiff claims that the Guide is irrelevant to any of the existing claims asserted in the matter.

Additionally, Plaintiff argues the Trust Defendants would not be entitled to the entire Guide even if they answered the Complaint. Plaintiff states that despite its objections to Document Requests

4

2, 3, & 4, it produced its internal underwriting guide and relevant portions of the Guide. Plaintiff states that upon its information and belief, the Guide consists of over 6,000 pages, and furthermore, that the overwhelming majority of the Guide relates to medical underwriting, a subject not involved in this case. Plaintiff refers to its previous objections to Document Requests 2, 3, & 4, and argues that the remainder of the Guide is irrelevant and that production of it would be overly burdensome.

## DISCUSSION

The issue before the Court is whether to compel Plaintiff to produce the entire Guide.

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Regarding the scope of discovery, Federal Rule of Civil Procedure 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Plaintiff's argument that the Requests are beyond the scope of Rule 26 because the Defendants have not filed an answer or otherwise asserted any defense is without merit. Rule 26(b)(1) clearly states that matter relevant to "any party's claim" is discoverable. Here, Plaintiff's Amended Complaint (DE 140) alleges, among other things, that individual insured defendants made material misrepresentations in their applications for life insurance, and that Plaintiff would not have issued the life insurance policies if not for those misrepresentations. Plaintiff admits that "[t]he produced portion of the guide is responsive to Rule 26 as it addresses the Insured's financial misrepresentations on their insurance applications which form the basis for several of West Coast Life's claims in this action." Plaintiff does not deny that it used the entire Guide, and fails to explain how the Guide is not relevant to its claims

5

in this case.

Plaintiff has failed to specifically articulate any valid reason to preclude discovery into other areas of the Guide. "[T]he onus is on the party resisting discovery to demonstrate how the objected-to request is unreasonable or otherwise unduly burdensome." <u>Donahay v. Palm Beach Tours & Transp.</u>, 242 F.R.D. 685, 687 (S.D. Fla. 2007). Plaintiff does not claim that the Guide is privileged. Plaintiff generally asserts that the remaining portions of the Guide are not relevant because they relate to medical underwriting, but Plaintiff has failed to meet its burden to substantiate this assertion. Plaintiff has not adequately described the remaining portions of the Guide with any specificity or explained how the remaining 5,990 pages of the Guide it did not produce are not relevant to Plaintiff's claims. Additionally, the Court finds it highly plausible that remaining portions of the Guide more than likely explain, or otherwise place in context, the excerpt Plaintiff already produced.

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that

The Trust Defendants' Motion to Compel the Production of Documents (DE 279) is GRANTED. Plaintiff shall produce the Guide to the Trust Defendants on or before July 29, 2009 at 5:00 p.m.

In accordance with Rule 37(a)(5)(A), the Trust Defendants are entitled to reasonable attorney's fees and costs for bringing this Motion.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 27 day of July, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record