UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-Civ-Ryskamp/Vitunac

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

LIFE BROKERAGE PARTNERS LLC,
*et al.*,

    Defendants.
_____/



FILED by ___ D.C.

AUG 0 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 287), dated July 9, 2009, from United States District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper action as required by law, and to submit a Report and Recommendation." Pending before the Court are:

(1)     The Broker Defendants'[1] Motion to Dismiss the Amended Complaint (DE 181), filed March 31, 2009[2]; and

(2)     Defendant Norman Grossman's Motion to Dismiss the Amended Complaint (DE 188), filed March 31, 2009.

Plaintiff filed an omnibus Response (DE 221) on May 1, 2009 (DE 221). No replies were filed and the time to do so has expired. These matters are ripe for review.

---

[1] The Broker Defendants are Life Brokerage Partners, LLC, and individual brokers Kevin Bechtel, Lyle Mouton, and Ravi Malick.

[2] The Broker Defendants filed an accompanying memorandum of law in support of their motion to dismiss (DE 184).

## BACKGROUND

This is a civil action brought by Plaintiff, a life insurance company, against 28 Defendants for declaratory relief, damages, and the rescission of eight life insurance policies that Plaintiff claims were procured under fraudulent means. Plaintiff initially filed a Complaint (DE 1) on August 13, 2008. Plaintiff later filed an Amended Complaint (DE 140) on March 12, 2009, that joined three more parties and added five counts. Pursuant to the Court's Scheduling Order (DE 92), discovery in this case closes August 3, 2009, and all dispositive motions must be filed by September 1, 2009. Trial is presently set for January 11, 2010 (DE 93).

The Amended Complaint alleges that Defendants collaborated in a stranger-originated life insurance ("SOLI") scheme under which elderly applicant Defendants were paid to consent to life insurance being taken out on their lives by and through other Defendants who established trusts to act as owners and beneficiaries of the life insurance policies so that entities with no relationship to the insured Defendants could obtain rights and interests in the death benefits of the policies, all in violation of the law. According to the Amended Complaint, the scheme was accomplished by (1) offering and paying the insureds monetary incentives to apply for coverage for which they otherwise would not as part of a "Granite Program" designed by a brokerage firm, (2) making material misrepresentations about the insureds' financial condition in policy applications to secure multi-million dollar life insurance policies, (3) forming Texas common law trusts to be the owners and beneficiaries of those policies, and (4) designating a second Delaware trust, the LAT-VIII, as beneficiary of the Texas trusts that then sold its beneficial interest to third-party investors.

The Amended Complaint alleges the following counts against Defendants: declaratory judgment for rescission and/or voiding of the policies based on fraud, misrepresentations and lack of insurable interest (Counts 1, 2, and 3), civil conspiracy (Count 4), declaratory relief for payment of commission chargebacks (Count 5), breach of broker contracts (Count 6), negligence (Count 7), fraud (Count 8), equitable relief (Count 9), declaratory judgment for voiding the Texas trusts (Count 10), conspiracy to violate Florida's Unfair Insurance Trade Practices Act (FUITPA) (Count 11), violation of Florida's Viatical Settlement Act (Count 12), and violation of Florida's Securities and Investors Protection Act (Count 13).[3]

## PARTIES' CONTENTIONS[4]

### Defendants' Motions to Dismiss

Defendants move the Court to dismiss the Amended Complaint on two grounds. First, Defendants argue that, by incorporating all preceding paragraphs in each count, the Amended Complaint amounts to a "shotgun pleading" that fails to set forth a short and plain statement of the claims showing Plaintiff is entitled to relief, as required by Rule 8. As such, Defendants argue that the Amended Complaint is bound to cause unnecessary expenditure of resources.

Second, Defendants argue that various counts against them fail to state legally sufficient claims for relief. Defendants maintain that each count based in fraud, Counts 1, 2, 3, 4, and 8, fails to allege fraud with particularity as required by Rule 9(b). As to Counts 1, 2, and 3, Defendants argue that Plaintiff fails to provide details as to which specific Defendants made what

---

[3] Count 13 of the Amended Complaint has been dismissed with prejudice (DE 216). Consequently, the Court will not address any argument by the parties pertaining to Count 13.

[4] The Broker Defendants and Defendant Grossman are collectively referred to herein as "Defendants." As their separately filed motions to dismiss raise the same or similar arguments, the Court addresses them together.

specific misrepresentations. As to the conspiracy count, Count 4, Defendants maintain that Plaintiff improperly lumped all the defendants in this case together and Defendants are unable to discern with whom they allegedly conspired, what specific actions each is accused of committing, or when each committed, or agreed to commit, those actions. Similarly, as to count 8 for common law fraud, Defendants argue that Plaintiff has improperly lumped all the Defendants together rather than providing, with specificity, which omissions and false statements each allegedly made.

Defendants contend that Count 4 for conspiracy also fails because the alleged Florida statutory violations upon which it is based all fail as a matter of law. Defendants argue that Count 9 for equitable relief fails because equitable relief is a general classification for a host of remedies, not a cause of action, and Plaintiff fails to plead the elements of unjust enrichment or any other equitable claim. Defendant Grossman argues that Count 10 must be dismissed because Plaintiff lacks standing to seek a declaration voiding a trust to which it is not a party.

Lastly, Defendants argue that Counts 11 and 12, alleging violations of Florida statutes, fail as a matter of law. Defendants contend that Count 11 fails because FUITPA is a regulatory statute and the FUITPA statutory provision relied upon by Plaintiff does not create a private cause of action. Defendants argue that Count 12 fails because neither the transactions described in the Amended Complaint, nor any of the Defendants, meets any of the definitions of FVSA, and Plaintiff fails to allege any of the necessary elements to establish that a viatical settlement occurred.

Plaintiff's Omnibus Response

In its Response, Plaintiff argues that because Defendants previously filed Answers to

Counts 1, 2, and 3, they are not entitled to now move to dismiss these claims. Plaintiff argues the Amended Complaint complies with the notice pleading requirements contemplated by Rule 8. As to Counts 3, 4, and 8, Plaintiff asserts that the Amended Complaint alerts Defendants to specific allegations of fraudulent misconduct against them and provides sufficient detail for them to frame proper responses. Specifically, Plaintiff asserts that it included over twenty specific examples of the specific misrepresentations made by Defendants, including the date and place of those representations, and how Plaintiff relied on these representations when issuing the policies. Plaintiff contends that at this point in the pleading stage, Plaintiff need not identify every exact detail of Defendants' misrepresentations.

Plaintiff argues it has properly pled all the elements of conspiracy by alleging that Defendants (1) conspired with multiple other defendants as part of a scheme to (2) violate Florida statutes and engage in other fraudulent conduct, which involved (3) misrepresenting material facts to Plaintiff, and receiving monetary incentives for doing so that ultimately (4) caused Plaintiff damages in the form of commissions paid to the Broker Defendants and Plaintiff's responsibility for life insurance policies with a total face amount of $50,000,000. Plaintiff argues that Defendants' "derivative tort" challenge to its conspiracy claim fails because Plaintiff may make an independent conspiracy claim and, alternatively, even if an underlying tort is needed, Plaintiff has properly alleged a conspiracy to defraud.

Plaintiff argues that Count 9 alleges a valid claim for unjust enrichment because it allegedly conferred a benefit on the Broker Defendants by paying them a commission, the Broker Defendants voluntarily accepted the benefits, and it would be inequitable for Defendants to retain the benefit of those commissions. Plaintiff contends that it has standing to challenge the validity

5

of the Texas Trusts in Count 10 as an "interested person" under either Florida and Texas law. Lastly, Plaintiff asserts that it states a valid claim for violation of FVSA by alleging that the defendant Life Accumulation Trust acts as a "related provider trust" as defined by the FVSA.

## DISCUSSION

*I. Standard of Review*

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, factual allegations must "be enough to raise a right to relief above a speculative level." Id. In deciding whether to dismiss, the Court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. Hoffend v. Villa, 261 F.3d 1148, 1150 (11th Cir. 2001); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low." Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel., 711 F.2d 989, 995 (11th Cir.1983). Regardless of the facts alleged, a court may dismiss a complaint on a dispositive issue of law. Marshall Co. Bd. of Educ. v. Marxhall Co. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). In order to give substance to a defendant's right to fair notice, a complaint must contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556.

*II.  Plaintiff's Incorporation of Prior Allegations Into Each Successive Count*

Defendants first argue that Plaintiff's "shotgun pleading" practice is improper and warrants dismissal of the Amended Complaint or, alternatively, a Court order requiring Plaintiff to amend the Amended Complaint. The typical shotgun complaint has "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295, n. 9 (11th Cir. 2002). The Eleventh Circuit has repeatedly condemned "shotgun pleadings" as imposing "a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n. 6 (11th Cir. 2006); Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 979 & n. 54 (11th Cir.2008) (collecting cases).

The Amended Complaint falls within the category of shotgun pleadings roundly condemned by the Eleventh Circuit. It has 164 paragraphs spanning 41 pages and, beginning with the first count, improperly incorporates and reincorporates earlier paragraphs into each successive count. Although it is not improper to incorporate prior general factual allegations into successive counts, it is improper to incorporate prior allegations in a count when those prior allegations have no relation to that count. For example, it is unclear to the Court how the allegations raised in

Count 9 for "equitable relief" relate to any other count in the Amended Complaint, yet the Amended Complaint incorporates all prior eight counts by reference. Nevertheless, this is not a case where it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir.1996). As such and in light of the present stage of the proceedings, the Court will carefully examine each cause of action properly challenged by Defendants for legal sufficiency, viewing all factual allegations in the Amended Complaint in the light most favorable to Plaintiff, as the Court must at this stage.

*III.  Defendants' Motions to Dismiss Counts 1-4 and 8-12*

Counts 1, 2, and 3 assert claims for rescission of the life insurance policies. Plaintiff is correct that because Defendants previously filed Answers (DE 39, 40, 41, 42, and 43) responding to these counts, their motions to dismiss them for failure to state a claim is a nullity. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002) (noting that a motion to dismiss for failure to state a claim filed after answering a complaint is a nullity because "by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."). Of course, Defendants are entitled to raise these issues anew within the context of a summary judgment motion.

Count 4 asserts a claim of civil conspiracy, and Count 8 asserts a common law claim of fraud. Defendants argue that these counts must be dismissed for failure to satisfy Rule 9(b)'s particularity requirement. Under Rule 9(b), the complaint must set forth "'(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the

case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997); see also Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006).

The Amended Complaint identifies the misrepresentations made by Defendants with respect to each insurance policy and the person responsible for making each misrepresentation (as to Defendant Grossman, representations regarding his financial condition and his response to question 10 of each policy application, and as to the Broker Defendants, their responses to questions 6 and 7 of the respective agent's reports); the time and place of each (the application for issuance of the policy); the manner in which those misrepresentations misled Plaintiff (issuance of policies and commissions Plaintiff otherwise would not have issued); and what Defendants obtained as a consequence (issuance of the policy, and in the case of the Broker Defendants, commissions associated therewith). Am. Compl. ¶¶ 50-53, 56, 64-85. Thus, the Amended Complaint satisfies Rule 9(b)'s heightened pleading requirements, and the motions to dismiss Counts 4 and 8 on this ground must be denied. Cf. American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1064-65 (11th Cir. 2007) (affirming Rule 9(b) dismissal of claims that insurance policies were fraudulently procured, where the party asserting the claims "presented only general conclusory allegations of fraud" and failed to allege details of the fraudulent acts, when the fraud occurred, or what involvement the alleged defrauders had in perpetrating the fraud).

Defendants also argue that Plaintiff's conspiracy claim, Count 4, should be dismissed for failure to state a claim because Plaintiff's claims for violations of Florida statutes, Counts 11 and 12, are not sustainable as individual causes of action and so cannot form the basis for Plaintiff's conspiracy claim. Plaintiff counters that Florida law allows it to make an independent conspiracy claim and, alternatively, even if an underlying tort is needed, Plaintiff has properly alleged a conspiracy to defraud.

The elements a plaintiff must allege for a conspiracy claim are that (1) two or more parties (2) agree (3) to commit an unlawful act. Martinez, 480 F.3d 1043, 1067. Under Florida law, "'a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff.'" Id. (citations omitted). Thus, a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim. Id. Some Florida courts recognize, however, that civil conspiracies may exist as an independent tort under certain circumstances. Wilcox v. Stout, 637 So.2d 335, 336 (Fla. 2d DCA 1994); see also Walters v. Blankenship, 931 So.2d 137, 140 (Fla. 5th DCA 2006) ("As for the count of civil conspiracy, we conclude it is viable, based either on the underlying tortious interference count or as an independent tort .... Generally an actionable conspiracy requires an actionable underlying tort or wrong .... However, an alternative basis for a civil conspiracy claim exists where the plaintiff can show some 'peculiar power of coercion' possessed by the conspirators by virtue of their combination, which an individual acting alone does not possess." (citations omitted)); but see Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997) ("[A]n actionable conspiracy requires an actionable underlying tort or wrong."); Rushing v. Bosse, 652 So.2d 869, 875 (Fla. 4th DCA 1995) (same); Florida Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Co.,

10

616 So.2d 562, 565 (Fla. 5th DCA 1993) (same).

Here, the Court finds for reasons discussed more fully *infra* that Plaintiff fails to state viable claims for Florida statutory violations in Counts 11 and 12 and, thus, these counts must be dismissed. Nevertheless, the Court need not determine whether or when Florida law requires an independent tort to support Plaintiff's civil conspiracy claim because the Court concludes that Plaintiff has sufficiently alleged a conspiracy to commit fraud. Count 4 recites the elements of a civil conspiracy and Plaintiff has pled facts that, when read together, at least arguably allege that Defendants agreed to conspire with multiple defendants in this case as part of a scheme to recruit elderly individuals to apply for and procure life insurance policies with large face amounts by making fraudulent misrepresentations on the policy applications, and then forming trusts in an attempt to evade insurable interest laws and to ultimately profit by selling the beneficial interest in the insurance to investor third-parties. Amend. Compl. ¶ 1, 42, 45, 51-53, 56-58, 63-66, 67-84, 86-93, 119-124. Plaintiff alleges the commissions paid to the Broker Defendants, and its responsibility for $50,000,000 in insurance coverage as damages resulting from the conspiracy. Thus, the Amended Complaint sufficiently alleges that Defendants participated in a civil conspiracy to obtain fraudulently procured insurance policies.

Count 9 asserts a claim for equitable relief. As an initial point, equitable relief is a remedy and not a cause of action. The Court's review of Plaintiff's claim for "equitable relief" shows that it is actually a claim for unjust enrichment, also known as a contract implied in law. Plaintiff concedes this point. The elements of unjust enrichment are that (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for

11

the defendant to retain the benefit without paying the value thereof to the plaintiff. Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Florida, 667 So.2d 876, 879 (Fla. 3d DCA 1996). "The benefit conferred must be a direct benefit." Huntsman Packaging Corp. v. Kerry Packaging Corp., 992 F.Supp. 1439, 1446.

Defendants argue very briefly that Plaintiff's unjust enrichment claim must be dismissed for failure to plead the requisite elements. The Amended Complaint alleges that Plaintiff conferred a benefit on the Broker Defendants by paying them large commissions. Amend. Compl. ¶¶ 66. Although not explicitly stated within the Amended Complaint, it can be implied that the Broker Defendants voluntarily accepted those commissions and, assuming all facts alleged as true, it would be inequitable for the Broker Defendants to retain the commissions. The analysis is different as to Defendant Grossman. In its omnibus Response, Plaintiff fails to address Defendant Grossman specifically but argues generally that it "conferred a benefit on Defendants by issuing the insurance policies." Although the Amended Complaint alleges that Defendant Grossman applied for the life insurance policies, it also alleges that a Texas common law trust owns that policy. Amend. Compl. ¶¶ 21, 79. The Amended Complaint never alleges that Plaintiff issued the policy to individual Defendant Grossman or that he ever owned the policy. Though the Amended Complaint alleges Defendant Grossman's receipt of "bonus money" from other defendants, Plaintiff did not allege, and the evidence of record does not support a finding that, Plaintiff itself directly conferred any benefit on Defendant Grossman and Count 9 fails to state a claim as to him.

Count 10 asks the Court to declare the defendant Texas insurance trusts void, but this count is brought only against the defendant insurance trusts and their trustee, and not against

individual Defendant Grossman. The defendant insurance trusts and their trustee have filed a separate motion to dismiss seeking to dismiss Count 10 for lack of standing, the same argument raised by Defendant Grossman. The Court will address this argument in due course. Defendant Grossman's motion to dismiss Count 10 should be denied as moot because he seeks to dismiss a count that has not been brought against him.

Count 11 asserts a claim for conspiracy to violate Florida's Unfair Insurance Trade Practices Act. Defendants argue that Count 11 should be dismissed for failure to state a claim. First, Defendants argue that the provision of FUITPA relied upon by Plaintiff does not create a private cause of action. Second, Defendants argue that Count 11 is devoid of the allegations necessary to properly plead a conspiracy. Third, Defendants argue that Plaintiff cannot evade the legislature's decision to withhold a private cause of action by asserting a common law claim based on the alleged statutory violation. Plaintiff failed to respond to Defendants' motion to dismiss Count 11, which alone constitutes grounds for the Court to grant Defendant's motion by default. See S.D. Fla. L.R. 7.1.A. Notwithstanding Plaintiff's failure in this regard, the Court proceeds on the merits and concludes that Count 11 fails to state a claim for relief.

The stated purpose of FUITPA is "to regulate trade practices relating to the business of insurance in accordance with the intent of Congress ... by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." Section 626.9541(1)(h) of the FUITPA, upon which Plaintiff relies, proscribes rebating by title insurers as an unfair method of competition. Fla. Stat. § 626.941(1)(h); Chicago Title Ins. Co. v. Butler, 770 So. 2d 1210, 1211 n.3 (Fla. 2000). Significantly, however, the

FUITPA does not provide any civil remedy nor does it create a private cause of action for violations of Section 626.9541(1)(h).[5]

As a regulatory statute that is designed to protect the public welfare from unscrupulous insurance practices, the UITPA cannot be construed to establish civil liability. Buell v. Direct General Ins. Agency, Inc., 488 F.Supp.2d 1215, 1217 (M.D. Fla. 2007), *aff'd* 267 Fed. Appx. 907, 909 (11th Cir. 2008) (citing Murthy v. N. Sinha Corp., 644 So.2d 983, 986 (Fla.1994) (observing that a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing civil liability). Plaintiff's attempt to assert a "conspiracy" to violate the FUITPA is unavailing because Plaintiff "may not evade the Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of FUITPA by asserting common law claims based on such violations." Buell, 267 Fed. Appx. at 909. Thus, Count 11 must be dismissed.

Lastly, Count 12 asserts a claim for violating Florida's Viatical Settlement Act. Defendants argue that Count 12 fails to state a claim because Plaintiff fails to allege that any viatical settlement contract, as defined by the FVSA, ever took place. The Court agrees. The FVSA provides a cause of action against any person who knowingly enters into a viatical settlement for a policy that was obtained through material misrepresentations or omissions. Fla. Stat. § 626.99275(1)(a). The Amended Complaint alleges in a conclusory fashion that "[t]he transactions entered into by Defendants constitute viatical settlements as defined by Section

---

[5] Count 11 of the Amended Complaint refers to a report released by Florida's Office of Insurance Regulation earlier this year and alleges that the report finds "'a transaction where seniors are offered bonus money for signing on the scheme or are given cars and cash' violates section 626.9541(h)." Amend. Compl. ¶ 157. This allegation does not change the Court's analysis. The report does not mention any private cause of action for violating the provision in issue. At most, the statements in the report cited by Plaintiff would arguably support an action by the Office of Insurance Regulation against some defendants, but does not and cannot create a private cause of action.

626.9911 of the [FVSA]." Amend. Compl. ¶ 159. A review of section 626.911, which provides definitions for terms in the FVSA, wholly refutes this allegation. Specifically, a "viatical settlement contract" is defined as "a written agreement entered into between a viatical settlement provider, or its related provider trust, and a viator" that "includes an agreement to transfer ownership or change the beneficiary designation of a life insurance policy at a later date ..." Fla. Stat. § 626.911(10). A "viator" is defined as "the owner of a life insurance policy." Fla. Stat. § 626.911(14).

Plaintiff concedes in its Amended Complaint that the defendant Texas trusts, all of which are organized under Texas law, own the insurance policies at issue. Amend. Compl. ¶¶ 17-24. The Amended Complaint does not allege that the defendant Texas trusts ever sold any of the policies or changed the beneficiary of any of the policies and, thus, Plaintiff has failed to plead that any "viatical settlement" occurred. Furthemore, as the life insurance policy owners, the defendant Texas trust are non-resident viators to which the FVSA expressly does not apply. Martinez, 480 F. 3d at 1058-59 (dismissing claim for violation of FVSA because viators were not Florida residents). Indeed, Plaintiff does not dispute this finding in its omnibus Response and argues only that the defendant Life Accumulation Trust acts as a related provider trust such that a valid claim under the FVSA has been pled. This argument misses the mark because, even if the Life Accumulation Trust qualified as a related provider trust, a "viatical settlement contract" requires two parties, one being a Florida resident viator. The Amended Complaint simply fails to state a claim for a violation of the FVSA and must be dismissed.

## RECOMMENDATION

Based on the foregoing, this Court RECOMMENDS to the District Court that The Broker Defendants' Motion to Dismiss the Amended Complaint (DE 181) be GRANTED IN PART AND DENIED IN PART. The Broker Defendants' Motion should be granted as to Counts 11 and 12 of the Amended Complaint, and denied as to Counts 3, 4, 8, and 9 of the Amended Complaint.

This Court further RECOMMENDS that Defendant Grossman's Motion to Dismiss the Amended Complaint (DE 188) be GRANTED IN PART AND DENIED IN PART. Defendant Grossman's Motion should be granted as to Counts 9, 11, and 12 of the Amended Complaint; denied as to Counts 1, 2, 3, and 4 of the Amended Complaint; and denied as moot as to Count 10 of the Amended Complaint.

## NOTICE OF RIGHT TO OBJECT

Any party may serve and file written objections to this Report and Recommendation with the Honorable Kenneth L. Ryskamp within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 5 day of August, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Kenneth L. Ryskamp
All Counsel of Record