UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-Civ-Ryskamp/Vitunac

WEST COAST LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

LIFE BROKERAGE PARTNERS LLC, *et al.*,

    Defendants.

_____/



## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 287), dated July 9, 2009, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters, to take all necessary and proper action as required by law, and to submit a Report and Recommendation." Pending before the Court is Plaintiff's Motion to Compel Better Responses to Requests for Production (DE 190), filed April 1, 2009. Defendants'[1] filed a Response (DE 210) on April 20, 2009. Plaintiff filed a Reply (DE 223) on May 1, 2009. The matter is ripe for review.

Plaintiff's motion seeks an order compelling the Defendants to produce documents in response to Plaintiff's First Request for Production. The pertinent requests for production, Plaintiff's responses, and the resolution of each are set forth below:

---

[1] The Defendants filing the Motion are the Ilene Halpern 2007-1 Insurance Trust, the Norman Grossman 2007-1 Insurance Trust, the Robert Horowitz 2007-1 Insurance Trust, the Rosalie Chilow 2007-1 Insurance Trust, the Barbara Hass 2007-1 Insurance Trust, the Helen Hirshman 2007-1 Insurance Trust, the Irving Levine 2007-1 Insurance Trust, the Eileen Toorock 2007-1 Insurance Trust, the Morton Newman 2007-1 Insurance Trust, and Wells Fargo Bank, N.A. (collectively "Defendants").

1

<u>Plaintiff's Request for Production No. 6</u>:
Please produce all documents that relate to communications from life insurance carriers regarding rescission of any life insurance policy for which you were or are the Trustee.

<u>Defendant's Response to Request for Production No. 6</u>:
The Trustee objects to this Request as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues Request No. 6 "is reasonably calculated to obtain information as to whether Wells Fargo as Trustee had reason to question the validity and legality of the trusts and/or life insurance transactions at issue in this case." Plaintiff submits that in correspondence with Defendants' counsel, it later tailored its request to a three-year time period involving only policies rescinded by carriers for lack of insurable interest or misrepresentation of financial condition, but counsel for Defendants still refused to produce the required documents.

Defendants argue Request No. 6 is irrelevant. Specifically, Defendants argue that "what actions other insurers have taken with respect to life insurance policies not at issue in this action is not relevant to this Court's determination of whether the Policies at issue here are valid and enforceable." Defendants also argue that, because Wells Fargo Bank, N.A. is not a defendant in its individual capacity, Plaintiff's stated purpose of ascertaining whether Wells Fargo Bank, N.A. should have questioned the validity of the transactions does not withstand scrutiny.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter... that is relevant to the claim or defense of any party." Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). After reviewing the requests for production and responses, the Court concludes that Plaintiff's Request for Production No. 6 is relevant, not overbroad, and is reasonably calculated to lead to the discovery of

2

admissible evidence. Plaintiff is entitled to this information regarding matters related to rescission by other companies of similar life insurance policies where Defendants were or are the Trustee.

Plaintiff's Request for Production No. 15:
Please produce any and all legal opinions obtained by the Trustees, the Trust Defendants, Deutsche Bank, or any other entity related to the transactions involving any one of the Policies, related to whether or not an insurable interest would exist for the Policies regarding the manner in which the transactions were completed, including the creation of trusts and the transfer of the Policies to Texas trust entities.

Defendant's Response to Request for Production No. 15:
The Trustee objects to this request as seeking documents protected by the attorney-client privilege or work-product doctrine. The Trustee further objects to this Request as calling for documents not within its possession or control.

Defendants object to Plaintiff's Request for Production No. 15 on the grounds that the LAT VIII and Wells Fargo Delaware, other named defendants in this case, do not believe they have the requested documents. Furthermore, Defendants argue the requested documents, "if they existed would plainly be privileged." Having reviewed the Request and Response and the arguments of the parties, the Court agrees with Defendants that Plaintiff's request seeks privileged documents. Plaintiff is not entitled to the legal opinions requested.

Plaintiff's Request for Production No. 9:
Please produce any and all trust agreements for any and all trusts having any interest in the Policies, or any trusts with an interest in other trusts that ultimately own or have an interest in the Policies. This request includes all documentation relating to the creation of the trust including correspondence, e-mail, prior drafts of the trust agreements, any other agreements that relate to or are necessary to the creation of the trusts.

Defendants' Response to Request for Production No. 9:
The Trustee objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Trustee further objects to this Request as calling for documents not within its possession or control. Subject to these and the foregoing General Objections, the Trustee will produce the Trust Agreements creating the trusts that are defendants in this action and other non-privileged documents related to the creation of such trusts.

3

Plaintiff's Request for Production No. 11:
Please produce all documents evidencing the creation of the trust documents for each of the Trust Defendants as well as any other trusts that has had in the past, or will have in the future, any interest of any kind in any one of the Policies.

Defendants' Response to Request for Production No.11:
The Trustee objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Trustee further objects to this Request as calling for documents not within its possession or control. Subject to these and the foregoing General Objections, the Trustee will produce the Trust Agreements creating the trusts that are defendants in this action.

Plaintiff's Request for Production No. 18:
Please produce any and all documents related to the relationship, contractual or otherwise, between you and Deutsche Bank and/or Examination Management Services, Inc.

Defendant's Response to Request for Production No. 18:
The Trustee objects to this Request as overbroad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the foregoing General Objections, the Trustee states that it has no such documents.

Plaintiff's Request for Production No. 19:
Please produce any and all documents related to the relationship between the trust defendants, trustees, insureds, and LaSalle Bank and/or Coventry Capital or any Coventry entity.

Defendant's Response to Request for Production No. 19:
The Trustee objects to this Request as overbroad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the foregoing General Objections, the Trustee states that it has no such documents.

Plaintiff's Request for Production No. 20:
Please produce any and all documents evidencing any commissions/fees or payments of any kind to Coventry Capital or any Coventry entity related to the transactions involving any one of the Policies.

Defendant's Response to Request for Production No. 20:
The Trustee objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the foregoing General Objections, the Trustee states that it has no such documents.

As to the Requests for Production Nos. 9, 11, 18, 19, and 20 above, Plaintiff contends that

Wells Fargo Bank, N.A. has control over the documents in possession of the Wells Fargo Delaware

Trust Company, and should be required to produce those documents responsive to Plaintiff's Requests. Plaintiff relies on the deposition testimony of Kevin O'Brien, an employee of Wells Fargo Bank, N.A. O'Brien testified at his deposition that the Life Accumulation Trust VIII ("LAT VIII") is the beneficiary of the life insurance trusts named as Defendants in this lawsuit. O'Brien testified that the trustee of the LAT VIII is the Wells Fargo Delaware Trust Company, and that O'Brien receives instructions on how to administer the insurance trusts that are defendants in this action from Jose Mercado, a Wells Fargo Delaware Trust Company employee. Plaintiff states that the Requests seek documents in the possession of the LAT VIII or the Wells Fargo Delaware Trust Company.

Defendants argue that they should not be compelled to produce documents in the possession of the beneficiary of the Texas Trusts and codefendant in this case, the LAT VIII. The Defendants argue they do not have control over documents in the possession of the LAT VIII or its trustee, Wells Fargo Delaware Trust Company. The Trust Defendants argue they fully complied by producing all of the responsive documents in their possession. The Defendants also state that their counsel has learned the LAT VIII and Wells Fargo Delaware do not have responsive documents in their possession with respect to three of the Requests, 15, 19, and 20. The Trust Defendants claim this highlights the fact that discovery should have been sought directly from the other defendants. The Trust Defendants claim Plaintiff's Requests are designed to improperly charge the Defendants with the obligation to collect documents from other defendants. The Trust Defendants contend that Plaintiff has not argued or demonstrated that the Texas Trusts or their trustee has the right to demand documents from the LAT VIII. The Trust Defendants argue that Wells Fargo Bank, N.A. has only been sued in its capacity as trustee, not in its individual capacity, so that what documents Wells Fargo Bank, N.A. may have the ability to obtain in its individual capacity is irrelevant.

5

After reviewing each of the remaining disputed Requests for Production at Nos. 9, 11, 18, 19, and 20 above, as well as the arguments of the parties and the materials cited in support thereof, the Court finds that each request seeks relevant information and is not vague or overbroad. Furthermore, although Defendants assert that various documents are not in their custody or control, Defendants have failed to make a showing in support of this assertion. Plaintiff is entitled to the documents requested in Requests for Production Nos. 9, 11, 18, 19, and 20. To the extent that the Trust Defendants have the requested documents in their possession, they must produce the documents.

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that

Plaintiff's Motion to Compel Better Responses to Requests for Production (DE 190) is GRANTED IN PART and DENIED IN PART as follows:

(1) GRANTED as to Plaintiff's Request for Production No. 6, as subsequently narrowed by Plaintiff to a three-year time period involving only policies rescinded by carriers for lack of insurable interest or misrepresentation of financial condition. Defendants shall produce the requested documents to Plaintiff on or before Thursday, August 13, 2009 at 5:00 p.m.;

(2) DENIED as to Plaintiff's Request for Production No. 15;

(3) GRANTED as to Plaintiff's Request for Production Nos. 9, 11, 18, 19, and 20. Defendants shall produce the requested documents to Plaintiff on or before Thursday, August 13, 2009 at 5:00 p.m.;

(4) Defendants shall file a Notice of Compliance with this Order by Thursday, August 13, 2009 at 5:00 p.m.

Plaintiff may apply by separate motion for reasonable attorney's fees and costs associated with bringing this Motion. Fed. R. Civ. P. 37(a)(5)(C).

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 4 day of August, 2009.

/s/ Ann E. Vitunac
ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel and parties of record