UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80897-CIV-RYSKAMP/VITUNAC

WEST COAST LIFE INSURANCE
COMPANY,

              Plaintiff,

v.

LIFE BROKERAGE PARTNERS
LLC, et al.,

              Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation of Magistrate Judge Ann E. Vitunac **[DE 321]** entered on August 5, 2009. Pending before Judge Vitunac was corporate defendant Park Venture Advisors' Motion to Dismiss the Amended Complaint **[DE 199]**, filed April 14, 2009. Plaintiff filed a Response **[DE 228]** on May 4, 2009 **[DE 221]**. Defendant filed a Reply **[DE 246]** on May 14, 2009. Plaintiff timely filed an objection to the Report and Recommendation **[DE 355]** on August 25, 2009. Defendant filed a response to the plaintiff's objection **[DE 369]** on September 2, 2009.

Plaintiff makes several objections to Judge Vitunac's recommendation that defendant Park Venture Advisors be dismissed from this suit. The Court considers the plaintiff's objections below.

First, plaintiff argues that Judge Vitunac's recommendation that plaintiff's common law fraud claim against defendant Park Venture Advisors be dismissed is inconsistent with her finding in an earlier Report and Recommendation **[DE 315]** that plaintiff had satisfied Rule 9(b)'s

heightened pleading requirements as to its claim for fraud against the Insureds and "Broker Defendants." Plaintiff posits that because it defined the "Broker Defendants" in its Amended Complaint as including Park Venture Advisors, Judge Vitunac's determination that the plaintiff had satisfied Rule 9(b)'s heightened pleading requirements as to its fraud claims against the "Broker Defendants" renders her finding in the later Report and Recommendation **[DE 321]** inconsistent with the earlier Report. This Court rejects this argument. Pending before Judge Vitunac in the earlier Report and Recommendation **[DE 315]** was the "Broker Defendants'" Motion to Dismiss. In a footnote, after the words "Broker Defendants," Judge Vitunac defined those terms for purposes of the Report and Recommendation **[DE 315]**: "The Broker Defendants are Life Brokerage Partners, LLC, and individual brokers Kevin Bechtel, Lyle Mouton, and Ravi Malick." As such, there is no inconsistency between Judge Vitunac's finding in the earlier Report and Recommendation **[DE 315]** that the plaintiff satisfied the heightened pleading requirements of Rule 9(b) as against Life Brokerage Partners and the individual brokers and her finding that the plaintiff failed to meet the requirements of Rule 9(b) as against Park Venture Advisors.

Next, plaintiff argues that Judge Vitunac erred in her recommendation that the plaintiff's conspiracy claim against Park Venture Advisors be dismissed. This Court disagrees. There are two ways in which the plaintiff's conspiracy claim against defendant Park Venture Advisors may survive a motion to dismiss. First, the plaintiff must allege (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of acts done under the conspiracy. *Charles v. Florida Foreclosure Placement Ctr., LLC*, 988 So.2d 1157, 1159-60 (Fla. 3d DCA 2008)

(citations omitted). "A civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff." *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007). Thus, "[a] claim that is found not to be actionable cannot form the basis for a conspiracy claim." *Id.* Second, the plaintiff's claim for conspiracy may survive a motion to dismiss if the plaintiff successfully alleged that the defendant (1) agreed with other defendants to defraud Plaintiff, and (2) knew of and assisted in the conspiracy. *See Martinez*, 480 F.3d at 1067-69; *Donofrio v. Matassini* 503 So.2d 1278, 1281 (Fla. 2d DCA 1987).

First, plaintiff argues that Judge Vitunac erred by failing to consider whether the other claims (counts one, two, three, five, six, and seven) could provide the requisite underlying wrong to form the basis for plaintiff's civil conspiracy claim. Specifically, plaintiff argues that counts one, two, and three provide the underlying wrong needed to support its conspiracy claim against Park Venture Advisors. This Court disagrees. Counts one, two, and three contain no particularized allegations that Park Venture Advisors participated in any actionable tortious activity directed at the plaintiff sufficient to support a conspiracy claim. Therefore, as with counts eight, eleven, and twelve, counts one, two, and three cannot provide the requisite underlying wrong to support the plaintiff's conspiracy claim against defendant Park Venture Advisors.

Second, plaintiff argues that Judge Vitunac erred by imposing a more stringent standard upon the plaintiff's conspiracy claim against Park Venture Advisors. This Court rejects this argument. The plaintiff failed to sufficiently allege the elements of civil conspiracy as to defendant Park Venture Advisors to support its conspiracy theory. General allegations that Park Venture Advisors created an incentive for the other defendants to make misrepresentations do not constitute allegations

3

that Park Venture Advisors knew of and assisted in a conspiracy to defraud the plaintiff. As the report correctly found, there is nothing illegal or improper about creating a program that pays individual applicants to apply for life insurance policies.

Finally, plaintiff points out that the Report and Recommendation is silent as to whether the plaintiff will be given leave to amend its claims against defendant Park Venture Advisors to correct the pleading deficiencies in the Amended Complaint. Plaintiff has already filed a Corrected Motion for Leave to Amend its Complaint **[DE 361]**. The Court will reserve judgment and consider that motion separately.

This Court has conducted a *de novo* review of the motions, Report and Recommendation, objections, responses, and the relevant portions of the record. Accordingly, it is hereby,

ORDERED AND ADJUDGED that:

(1) The Report of Magistrate Judge Vitunac **[DE 321]** be, and the same hereby is, RATIFIED, AFFIRMED and APPROVED in its entirety;
(2) Defendant Park Venture Advisors' Motion to Dismiss the Amended Complaint **[DE 199]** is GRANTED. Defendant Park Venture Advisors' Motion is granted as to Counts 4, 8, 9, 11, and 12 of the Amended Complaint;
(3) Defendant Park Venture Advisors is dismissed from this case because of plaintiff's failure to sufficiently state any valid claims against Defendant Park Advisors.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 4 day of September, 2009.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Magistrate Judge Ann E. Vitunac
All counsel of record